UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRUDY CALLAHAN,

    Plaintiff,

v.                                        Case No. 3:16-cv-01348-HES-JBT

CITY OF JACKSONVILLE, FLORIDA,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before this Court on "Defendant's Motion to Dismiss" (Doc. 6) and "Plaintiff's Response to Defendant's Motion to Dismiss" (Doc. 9). Having considered these filings, the Court issues this Order.

### I.    BACKGROUND

Ms. Trudy Callahan works as a lieutenant for the Jacksonville Sheriff's Office ("JSO"). (Doc. 1 ¶ 4). Callahan alleges that, from August 2011 to May 2016, she was subject to numerous discriminatory practices on the part of Defendant, the City of Jacksonville. (*Id.* ¶¶ 6–55).

In August 2011, Callahan complained to her supervisor that JSO officers had been illegally finding curfew violations for juveniles. (*Id.* ¶ 6). Following this complaint, JSO subjected Callahan to a selective disciplinary policy by treating her differently than her male counterparts. (*Id.* ¶ 6-23). On September 26, 2013, Callahan filed a complaint against several Police Chiefs with internal affairs indicating that she was being harassed and singled out because she was a female who had pointed out JSO's unlawful practices. (*Id.* ¶ 24, 25). In late May or early June 2014, Callahan confronted A.C. Johnson, her supervisor, regarding his disrespectful behavior towards women in

the office. (*Id.* ¶ 30). Three weeks after complaining about Johnson's behavior, she was transferred, without justification, from her the higher paying Gold Midnight shift to the less desirable Dayshift Blue. (*Id.* ¶ 34-35). She filed an EEOC Complaint on February 5, 2015 and as a result, JSO allegedly harassed Callahan and put a GPS tracker on her car without her knowledge. (*Id.* ¶ 48, 59).

In October 2016, Callahan filed a three-count Complaint against Defendant for employment discrimination under Title VII of the Civil Rights Act of 1964. Count I alleges retaliation in violation of Title VII. (*Id.* ¶¶ 63-68). Counts II and III allege claims for a Hostile Work Environment and a Retaliatory Hostile Work Environment. (*Id.* ¶¶ 69-79). Defendant filed the present motion in response, and requests the Court dismiss Counts II and III of Callahan's Complaint for failure to exhaust administrative remedies. (Doc. 6 at 3).

## II. STANDARD OF REVIEW

"A motion to dismiss for failure to exhaust administrative remedies is treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted." *Jones v. Bank of America*, 985 F. Supp. 2d 1320, 1325 (M.D. Fla 2013) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997)). To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Generally, "[a] district court . . . must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005) (citing Fed. R. Civ. P. 12(b)). However, conversion is not necessary if the document is (1) central to the plaintiff's claim and (2) its authenticity is not challenged. *Id.* at

1276. Callahan's Charge of Discrimination satisfies both conditions. Thus, the Court may consider it without converting the present motion into one for summary judgment.

### III. DISCUSSION

Defendant characterizes Callahan's Charge of Discrimination as only complaining of a single discrete act of discrimination—the June 2014 transfer. (Doc. 6 at 6). According to Defendant, the Charge is entirely devoid of any allegations of a hostile work environment or retaliation. (*Id.*). Thus, Defendant argues, these claims are either barred as untimely, or are not actionable for failure to exhaust administrative remedies. (*Id.*).

Title VII requires a plaintiff to exhaust certain administrative remedies before filing suit for employment discrimination. *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002). Exhaustion requires a plaintiff first file a timely Charge of Discrimination with the EEOC. *Id.* (citing 42 U.S.C. § 2000e–(5)(b)). Untimely claims are not actionable. *Short v. Immokalee Water and Sewer District*, 165 F. Supp. 3d 1129, 1142 (M.D. Fla. 2016) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 103 (2002)).

The timeliness of a claim, however, depends on whether the charge alleges discrete acts of discrimination or a continuing violation. *See Short*, 16 F. Supp. 3d at 1142. In Florida, a claim which alleges a discrete discriminatory or retaliatory act must be filed within 300 days of the act giving rise to the claim. *Joe's Stone Crabs*, 296 F.3d at 1271. However, "When the allegedly unlawful employment practices amount to a *continuing violation*, the time period for filing an EEOC charge does not begin until the last occurrence of the discrimination." *Short*, 165 F. Supp. 3d at 1142 (citing *Morgan*, 536 U.S. at 118) (emphasis added)). A hostile work environment claim is a species of a continuing violation. *See Morgan*, 536 U.S. at 116–17. Therefore, in order for a hostile environment charge to be timely, the employee need only file a charge within 300 days of any act that is part of the hostile work environment. *Id.* at 118.

After following EEOC procedure, a plaintiff is entitled to file suit. Allegations in the judicial complaint are limited to the scope of the administrative investigation which could reasonably be expected to grow out of the charge. *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004). Allegations that "amplify, clarify, or more clearly focus" charge allegations are permissible. *Id.* at 1279–80 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1548 (11th Cir. 1989)).

Callahan's Charge of Discrimination alleges discrimination based on sex, retaliation, and disability. (Doc. 6 Ex. A). After asserting that Defendant transferred her, without justification, to a less desirable shift, Callahan states:

> "I believe that I have been moved from my shift because I had previously complained internal about harassment discrimination against female employees. JSO always makes it a practice of accommodating officers who have hardships, but they are intentionally creating an environment of hostility and facilitating the hardship against me by not approving my reasonable accommodation.
>
> I believe that I have been discriminated against because of my sex/female . . . in violation of Title VII . . . specifically Section 704(a) that prohibits retaliation . . . .

(*Id.*)

"A charge is sufficient when the commission receives from the person making a charge a written statement sufficiently precise to identify the parties, and to describe generally the actions or practices complained of." 29 C.F.R. § 1601.12; *see also Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 461 (5th Cir. 1970) (stating, "courts construing Title VII have been extremely reluctant to allow procedural technicalities to bar claims brought under the Act"). That Callahan did not check the continuing violation box is of no consequence. *See Sanchez*, 431 F.2d at 462 (stating, "the selection of which box to check is in reality nothing more than the attachment of a legal

4

conclusion to the facts alleged"). Put differently, it is "inconceivable that a charging party's rights should be cut off merely because he fails to articulate correctly the legal conclusion emanating from his factual allegations." *Id.*

The Court finds that the Charge sufficiently alleges a hostile work environment, and thus, her claims may include incidents that began in August 2011 as part of a continuing violation.

As to Count III of the Complaint—the retaliatory hostile work environment claim— "Courts do not require the filling of another EEOC charge for actions that arise out of the allegations already filed EEOC charge." *Short*, 165 F. Supp. 3d at 1146. A retaliatory hostile work environment claim is reasonably expected to grow out of an EEOC charge which alleges retaliation and a hostile work environment. A double filing would "serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII." *Id.* As such, Defendant's Motion must be denied.

**ACCORDINGLY** it is **ORDERED**:

Defendant City of Jacksonville's "Motion to Dismiss" (Doc. 6) is **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida, this _14_ day of June, 2017.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:

William J. Sheppard, Esq.
Elizabeth L. White, Esq.
Matthew R. Kachergus, Esq.
Bryan E. DeMaggio, Esq.
Jesse B. Wilkison, Esq.
Sean Bryan Granat, Esq.
Wendy Elizabeth Byndloss, Esq.